Loring-, J.,
concurring:
At the trial of this case no exception was taken on behalf of the United States to the nonconformity of the contract to the Treasury regulations of September, 1864, and as it seemed to me doubtful whether the contract was made under those regulations, I should have preferred that the decision of the case should be postponed till the matter could be ascertained. I yielded, however, to the opinion of my brothers, but I do not adopt the grounds of their decision.
The statement of facts shows a contract and a safe-conduct, but I think the latter is immaterial to the decision, for it extends only to the protection of the cotton during its transit to its place of delivery, which, for the cotton in question, was Savannah; and the cotton was already there, before and when the contract was made, so that the safe-conduct never attached to it, and the claim made must rest on the contract alone.
And, I think, the findings of fact show that the claimant did not perform his part of the contract. He was bound to deliver or tender the cotton, or do some act appropriating it to the con *624 tract. And, so far as the evidence shows, hé never did anything •of the kind. He purchased the cotton in question in 1863, .and it was then stored in Savannah, and it so remained till it was captured, without any action on his part appropriating it ■to the contract, or showing any such intent. And it is manifest ■that his mere ownership of cotton in Savannah, without more, could not have entitled the United States to the benefit of such ■cotton under the contract, and for the same reason it could not entitle the claimant to the protection of the contract for such cotton. And if the cotton had not been brought within the operation of the contract when it was captured, it was then merely enemy’s property, and lawful prize of war.
And this contract was made with the public enemy, and was not made by any executive power, for neither the government •of the sovereign nor his subjects can contract with his enemy. 'That is the prerogative of the sovereign, and can be used by him alone. He may delegate it, but that will not change the nature of the power, for it transfers it only, and in the use by the delegate it is as much a sovereign power as if used by the sovereign himself. By the Constitution, the sovereign has delegated itjto the President, as commander-in chief of the Army and Navy of the United States, (Hamilton v. Dillon, 21 Wall., 73,) and in his use of it here he acted only by virtue of that •delegation, and as the representative of sovereignty, as distinguished from that merely executive power which belongs to the executive government of the country. For these reasons I think the contract, though made with the United States, was not made with the Government of the United States; and therefore is not within our jurisdiction, which is limited to contracts “made with the Government of the United States.”